IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ROBERT M. CRANE, JR.,**  :  <br>   **Plaintiff,**  :  <br>  :  <br> **v.**  :  <br>  :  <br> **Deputy Warden KARL FORT,** *et al.*,  :  <br>   **Defendants.**  :  <br>  : | No. 5:15-CV-345-CAR-CHW <br> Proceedings Under 42 U.S.C. § 1983 |

## ORDER ON UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 44] to deny Defendants' Motion for Summary Judgment as to Plaintiff's claims against Defendant Fort for excessive force, deprivation of food, and retaliation by deprivation of food; and to grant summary judgment as to all other claims. Plaintiff does not object to the Report and Recommendation. Defendant Fort, however, has filed an Objection [Doc. 45]. Having fully considered the record in this case and investigated *de novo* those portions of the Report and Recommendation to which Defendant Fort objects, the Court agrees with the findings and conclusions in the Report and Recommendation for the reasons set forth below.

In this *pro se* action pursuant to 42 U.S.C. § 1983, Plaintiff asserts officials at Washington State Prison violated his Eighth Amendment rights. According to Plaintiff, on November 19, 2013, prison officials attempted to move him from a recreation-yard

1

cage to his cell. When Plaintiff resisted, Defendant Fort shot Plaintiff in the face with a pepper-ball gun while other prison officials watched. Subsequently, Defendant Fort denied medical treatment for the injuries Plaintiff sustained during the incident, including damage to his right eye. When Plaintiff filed grievances concerning the incident, Defendant Fort retaliated by depriving him of water, heat, and food. On September 8, 2015, Plaintiff filed a Complaint against Defendants Fort, James, Stewart, Grier, Oliphant, Askew, Gibbons, Danford, Connor, and Lockhart.[1] On November 4, 2016, the Magistrate Judge entered a Report and Recommendation to grant in part and deny in part Defendants' Motion for Summary Judgment. Defendant Fort objects to the Report and Recommendation.

## DISCUSSION

### I.   Excessive Force Claim

First, Defendant Fort objects to the Recommendation to deny summary judgment as to Plaintiff's excessive force claim. Defendant Fort contends the facts "unequivocally show" he shot Plaintiff with pepper-balls to subdue him into compliance and restore order, not to punish Plaintiff.[2] The Court disagrees. As set forth in the Report and Recommendation, the video of the incident shows Defendant Fort shot Plaintiff nearly 40 times in a thirty-second period, ceased firing while Plaintiff retreated, and resumed

---

[1] Plaintiff subsequently withdrew his excessive force claim against Defendant Stewart. [Doc. 37] at 9.
[2] [Doc. 45] at 3-4.

2

firing after Plaintiff called him a coward, shooting Plaintiff in the face.[3] Subsequent medical examinations indicated significant damage to Plaintiff's eye.[4] Based on these facts, the Court agrees with the conclusion in the Report and Recommendation that genuine issues of material fact exist as to whether Defendant Fort applied force in a good faith effort to restore order or maliciously and sadistically to cause harm. Thus, Defendant Fort's objection is **OVERRULED**.

## II.  Deprivation of Food Claim

Second, Defendant Fort objects to the Recommendation to deny summary judgment as to Plaintiff's deprivation of food claim. Defendant Fort argues Plaintiff's own testimony is insufficient to establish a genuine issue of material fact.[5] As explained in the Report and Recommendation, however, medical records show Plaintiff lost sixteen pounds over a ten-day period.[6] Therefore, Plaintiff's evidence does not consist of mere conclusory allegations "unsupported by any . . . medical records."[7] Because Plaintiff has established a genuine issue of material fact as to whether he was deprived of food, Defendant Fort's objection is **OVERRULED**.

## III.  Retaliation by Deprivation of Food Claim

Third, Defendant Fort objects to the Recommendation to deny summary judgment as to Plaintiff's claim for retaliation by deprivation of food. Defendant Fort

---

[3] [Doc. 44] at 6-7.
[4] [Doc. 44] at 7-10.
[5] [Doc. 45] at 5-6.
[6] [Doc. 44] at 28.
[7] *See Bennett v. Parker*, 898 F.2d 1530, 1533-34 (11th Cir. 1990).

3

reiterates no evidence shows he withheld food and further contends there is no evidence of a causal connection between Plaintiff's grievances and loss of weight.[8] The Court, however, agrees with the conclusion in the Report and Recommendation. According to Plaintiff's testimony, Defendant Fort knowingly withheld food after Plaintiff filed grievances concerning the shooting incident on November 19, 2013, and the medical records reflect Plaintiff's weight loss around this time.[9] Thus, Plaintiff has established a genuine issue of material fact as to whether Defendant Fort caused his weight loss by withholding food in retaliation for Plaintiff's grievances, and Defendant Fort's objection is **OVERRULED**.

### IV. Qualified Immunity

Finally, Defendant Fort objects to the conclusion in the Report and Recommendation that he is not entitled to qualified immunity. Defendant Fort argues he is entitled to qualified immunity as to Plaintiff's excessive force and deprivation of food claims because no genuine issues of material fact exist as to whether Defendant Fort violated Plaintiff's clearly established constitutional rights. As set forth above, however, the Court agrees with the conclusion in the Report and Recommendation that Plaintiff has established genuine issues of material fact as to these claims. Thus, Defendant Fort's objection is **OVERRULED**.

---

[8] [Doc. 45] at 7-8.
[9] [Doc. 44] at 32.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation [Doc. 44] is **HEREBY ADOPTED AND MADE THE ORDER OF THIS COURT**; and Defendants' Motion for Summary Judgment [Doc. 33] is **GRANTED IN PART** and **DENIED IN PART**.  Summary judgment is **DENIED** as to Plaintiff's claims against Defendant Fort for excessive force, deprivation of food, and retaliation by deprivation of food. Summary judgment is **GRANTED** as to all other claims, and thus Defendants James, Stewart, Grier, Oliphant, Askew, Gibbons, Danford, Connor, and Lockhart are **DISMISSED** from this action.

   **SO ORDERED,** this 13th day of January, 2017.

                              S/ C. Ashley Royal
                              C. ASHLEY ROYAL, JUDGE
                              UNITED STATES DISTRICT COURT