# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROBERT M. CRANE, JR.,<br><br>Plaintiff,<br><br>v.<br><br>Warden KARL FORT,<br><br>Defendant. | CIVIL ACTION NO.<br>5:15-cv-00345-TES-CHW |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF

Before the Court is Defendant's Motion to Dismiss Plaintiff's Claims for Injunctive Relief [Doc. 59]. In his Complaint, Plaintiff asserts claims against Defendant for excessive force, retaliation, and unconstitutional conditions of confinement in violation of Plaintiff's Eighth Amendment rights. [Doc. 1]. Plaintiff requested damages and "injunctive relief against the Defendants to stop the violations at issue . . . to discipline/train staff . . . [and] to be provided with adequate medical care, including adequate medications, and treatments." [*Id.* at 12-13]. In the parties' Proposed Pretrial Order, Plaintiff also requested that Defendant be criminally prosecuted. [Doc. 59-1 at 5].

In the instant motion, Defendant asks the Court to dismiss Plaintiff's claims for injunctive relief because Plaintiff is no longer incarcerated at the prison in which the alleged unconstitutional conduct occurred and is therefore no longer facing a threat of

harm. As Defendant correctly notes, injunctive relief may only be granted if Plaintiff faces "any continuing present injury or real and immediate threat of repeated injury." *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). Moreover, "[a]n inmate's claims for injunctive and declaratory relief in a § 1983 action become moot once the inmate has been transferred." *Watkins v. Broward Cty. Sheriff*, 677 F. App'x 622, 623 (11th Cir. 2017) (citing *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)). The Georgia Department of Corrections transferred Plaintiff to another prison after the events giving rise to this action, and Plaintiff has not returned to the prison at which Defendant works since that time. Thus, Plaintiff is no longer subject to a continuing injury or threat of harm from Defendant, and his claims for injunctive relief are therefore moot. *See* [Doc. 59-2 at 3].

Finally, this Court is incapable of granting relief to Plaintiff in the form of criminal prosecution against Defendant. A basic tenet of the doctrine of separation of powers is that prosecutors are officers of the executive branch who have "absolute discretion regarding whether to initiate a criminal prosecution," and the courts "may not interfere with the free exercise of that discretionary power." *Ganesan v. U.S. Attorney*, 85 F. App'x 384, 384 (5th Cir. 2004) (citing *United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965) (en banc)). Thus, the Court has no authority to require that the U.S. Attorney bring criminal charges against Defendant as a remedy for this action.

For the reasons stated herein, Defendant's Motion to Dismiss Plaintiff's Claims for Injunctive Relief [Doc. 59] is **GRANTED**.

**SO ORDERED**, this 18th day of June, 2018.

<u>**S/ Tilman E. Self, III**</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**